UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY STALLWORTH

        Plaintiff,                      Case No. 16-cv-10696

v.                                             Hon. Matthew F. Leitman

CITY OF PLEASANT RIDGE *et al.*,

        Defendants.

_____/

## ORDER GRANTING DEFENDANTS' MOTION
## FOR ALTERNATIVE SERVICE (ECF #28)

On March 1, 2014, an officer with the Pleasant Ridge Police Department (Officer Champine) pulled over a vehicle on Woodward Avenue. (*See* First Am. Compl. at ¶ 10, ECF #14 at Pg. ID 69.) Plaintiff Larry Stallworth ("Stallworth") was driving the car in question. A second officer with the Ferndale Police Department (Officer Farris) later arrived on the scene. (*See id.* at ¶13, ECF #14 at Pg. ID 69.) According to Stallworth, Officer Farris "grabbed [Stallworth] out of [his] vehicle" with such force that Stallworth's "hearing aid fell out of his ear." (*Id.* at ¶17, ECF #14 at Pg. ID 69.) Officer Farris then "handcuffed [Stallworth] extremely tightly and escorted [him] to a police vehicle." (*Id.* at ¶18, ECF #14 at Pg. ID 70.) In this action, Stallworth alleges that the officers violated his civil rights during and following his arrest and detention. He has sued both officers and the cities of Pleasant Ridge and Ferndale.

1

The parties are now engaged in discovery. On December 19, 2016, the City of Ferndale and Officer Farris issued a subpoena and deposition notice for a man named Francis Thomas ("Thomas"). (*See* ECF #28-3.) According to Defendants, Thomas was a passenger in Stallworth's car on the night Stallworth was arrested and "witnessed the events giving rise to this litigation." (*See* ECF #28 at ¶1, Pg. ID 162; *see also* Police Report, ECF #28-2.)

On four separate occasions, a process sever unsuccessfully attempted to serve Thomas with the subpoena and deposition notice at Thomas' home. (*See id.* at ¶5, Pg. ID 162; *see also* Affidavit of Non-Service, ECF #28-5 at Pg. ID 188.) On at least two of those attempts, the process sever left his business card at Thomas' home so that Thomas could contact him. (*See* Affidavit of Non-Service at ¶¶ 1-2, ECF #28-5 at Pg. ID 188.) In addition, the City of Pleasant Ridge hired a private investigator in an effort to locate and serve Thomas. (*See* ECF #29 at ¶3, Pg. ID 190.) The investigator confirmed Thomas' home address and attempted to serve the subpoena at that location. (*See id.* at ¶¶ 5-7, Pg. ID 191-92.) Despite the fact that the television was on, and the investigator could see an occupant inside the home, nobody answered the door. (*See id.* at ¶¶ 7-8, Pg. ID 191.) A subsequent attempt by the investigator to serve Thomas at that address was also unsuccessful. (*See id.* at ¶9, Pg. ID 191.)

The City of Ferndale and Officer Farris have now filed a motion in which they ask the Court for permission to serve Stallworth with the subpoena and deposition notice by alternative means (the "Alternative Service Motion"). (*See* ECF # 28.) Defendants ask that they be allowed to serve Thomas "by First-Class Mail and tacking the [subpoena and deposition notice] to the front door" of Thomas' home. (*See id.* at ¶10 Pg. ID 163.) Defendants the City of Ferndale and Officer Champine have joined the Alternative Service Motion. (*See* ECF #29.) Stallworth has not filed any opposition. (*See* Dkt.)

Federal Rule of Civil Procedure 45(b)(1) provides that "[s]erving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." While some courts have held that compliance with Rule 45 requires personal service of the subpoena, "[t]here is no consensus on that point" and "[a] number of courts have permitted service by certified mail and other means if the method of service is made in a manner designed to reasonably insure actual receipt of the subpoena by the witness." *OceanFirst Bank v. Hartford Fire Ins. Co.*, 794 F.Supp.2d 752, 754 (E.D. Mich. 2011) (internal quotation marks omitted; collecting cases). Judges on this Court have repeatedly held that Rule 45 does not require personal service. *See id.*; *Nithyananda Dhanapeetam of Columbus v. Rao*,

3

2016 WL 1637559, at *3 (E.D. Mich. April 26, 2016); *Halawani v. Wolfenbarger*, 2008 WL 5188813, at *4 (E.D. Mich. Dec. 10, 2008).

In *OceanFirst Bank*, this Court held that a subpoena for deposition could be served on a non-party by alternative means (i.e., without personal service) if certain requirements were met:

> The Court is persuaded by and adopts the reasoning of the courts that interpret Rule 45 to allow service of a subpoena by alternate means once the party seeking evidence demonstrates an inability to effectuate service after a diligent effort. The alternate means must be reasonably calculated to achieve actual delivery. Mailing by first-class mail to the actual address of the intended recipient generally will suffice, especially when the mailing is accompanied by posting at the known address of the prospective witness.

(*OceanFirst*, 794 F.Supp.2d at 754; internal citations omitted).

Here, Defendants have satisfied these requirements. First, they have sufficiently shown an "inability to effectuate service after a diligent effort." *Id.* Indeed, as noted above, not only did the City of Ferndale and Officer Farris have a process server attempt to serve Thomas four separate times (leaving his contact information at Thomas' door on at least two of those occasions), the City of Pleasant Ridge and Officer Champine hired a private investigator, confirmed Thomas' home address, and twice attempted to serve him at that address to no avail. The Defendants' attempts to serve Thomas were "diligent." Second, their requested means of alternative service – sending the subpoena and deposition notice to Thomas

4

by First-Class Mail and tacking the documents to the door of his home – are precisely the two kinds of service identified in *OceanFirst Bank*. Service in these manners is "reasonably calculated to achieve actual delivery." *Id.*

Accordingly, for the reasons stated above, **IT IS HEREBY ORDERED** that the Alternative Service Motion is **GRANTED**. Defendants may serve their subpoena and deposition notice on Thomas by (1) sending a copy to his home address by First-Class Mail and (2) physically posting a copy of the subpoena and deposition notice at his residence. Defendants shall also include a copy of this Order with the subpoena and deposition notice.

**IT IS SO ORDERED**.

Dated: March 21, 2017

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 21, 2017, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113