UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY STALLWORTH

        Plaintiff,                          Case No. 16-cv-10696
                                              Hon. Matthew F. Leitman

v.

CITY OF PLEASANT RIDGE *et al.*,

        Defendants.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S PROPOSED EXPERTS (ECF #35)

In this action, Plaintiff Larry Stallworth alleges that during a traffic stop on March 1, 2014, the Defendants violated his civil rights and caused him physical injury. (*See* First Am. Compl., ECF #1.) On April 28, 2017, Stallworth filed expert disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2). (*See* ECF #37.) In Stallworth's disclosures, he identified two categories of experts: (1) his treating medical professionals and (2) "experts in the Field of Use of Force/Police Procedures/Police Misconduct/Crime Scene Investigation/Corrections/Jail Policy." (*Id.* at Pg. ID 260, 264.)

On May 18, 2017, Defendants the City of Ferndale and Officer Champine filed a motion to strike Stallworth's proposed experts. (*See* ECF #35.) According to these Defendants, Stallworth's disclosures failed to comply with the requirements of Federal Rule of Civil Procedure 26(a)(2). (*See id.*)

The Court held a hearing on Defendants' motion on August 2, 2017. For the reasons stated on the record during that hearing, **IT IS HEREBY ORDERED** that Defendants' motion is **GRANTED IN PART AND DENIED IN PART** as follows:

- The Court will **STRIKE** the two experts in Stallworth's expert report listed under the category of "experts in the Field of Use of Force/Police Procedures/Police Misconduct/Crime Scene Investigation/Corrections/Jail Policy."[1] (*See* ECF #37 at Pg. ID 264.)

- To the extent Defendants' motion requests that the Court strike Stallworth's treating medical professionals from offering evidence and/or testifying at trial, the Court **DENIES** the motion. However, as the Court stated on the record, Stallworth's expert disclosures concerning the testimony to be provided by these treating medical professionals are insufficient. Accordingly, by no later than **5:00 p.m. on Tuesday, September 5, 2017**, Stallworth shall file

---

[1] At the hearing on Defendants' motion, Stallworth's counsel represented to the Court that he did not plan on calling these witnesses at trial and that he did not object to the entry of an order striking these witnesses from being called as experts in this action.

amended expert disclosures that list each and every treating medical professional that Stallworth plans to rely upon and/or call as a witness at trial. In addition, Stallworth's amended expert disclosures shall, on an individual-by-individual basis, state "the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705" and (2) "a summary of the facts and opinions to which the witness is expected to testify." Federal Rule of Civ. Proc. 26(a)(2)(C)(i)-(ii).

- The parties shall have until November 6, 2017, to conduct expert discovery.

- The Court will set a telephonic status conference to take place during the week of November 6, 2017, to discuss the possibility of *Daubert* motions.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
Dated:  August 2, 2017          UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 2, 2017, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764